IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KELEIONALANI AKANA,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF HAWAII ATTORNEY GENERAL ANNE LOPEZ; CITY AND COUNTY OF HONOLULU MAYOR RICK BLANGIARDI; HONOLULU POLICE DEPARTMENT CHIEF JOE LOGAN; OFFICER DANIEL BROWN, individually and in his official capacity; OFFICER FREYA GABOR, individually and in his official capacity; OFFICER IKAIKA PAALUHI, individually and in his official capacity; CITY AND COUNTY OF HONOLULU PROSECUTING ATTORNEY STEVE ALM; DPA SCOTT SPALINA; DPA CHERISE BRAXTON-BROOKS; HPD OFFICERS DOE 1-20; HPD SUPERVISORS 1-10; HAWAII STATE BAR ASSOCIATION; JUDGE KEVIN SOUZA,<br><br>Defendants. | CIV. NO. 26-00255 HG-KJM |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT AND DENY HER APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (ECF No. 8)**

**and**

**OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION (ECF No. 9)**

On May 28, 2026, Plaintiff Keleionalani Akana, proceeding pro se, filed a Complaint. (ECF No. 1).

The Complaint attempts to bring claims arising from Plaintiff's May 5, 2025 arrest and subsequent prosecution in Hawaii state court criminal proceedings.

On the same date as her Complaint, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"). (ECF No. 3).

On June 3, 2026, the Magistrate Judge denied Plaintiff's IFP Application because it was incomplete. (ECF No. 5).

On June 16, 2026, Plaintiff filed a Second IFP Application. (ECF No. 6).

On July 31, 2026, the Magistrate Judge issued a FINDINGS AND RECOMMENDATION TO: (1) DISMISS COMPLAINT WITH LIMITED LEAVE TO AMEND; AND (2) DENY APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS. (ECF No. 8).

On August 9, 2026, Plaintiff filed her Objections and Motion for Leave to File First Amended Complaint. (ECF No. 9).

The Complaint is replete with conclusory, vague, and immaterial facts that are not connected to any particular cause of action. The Complaint is a "shotgun pleading" and does not allege specific facts as being conducted by any specific defendants.

Even construing Plaintiff's Complaint liberally, the

Complaint is deficient and does not plausibly state a claim for which relief may be granted. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp v. Twombly, 550 U.S. 544, 570 (2007). The majority of Plaintiff's Complaint is also barred based on various immunity doctrines.

The Court **ADOPTS** the MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO (1) DISMISS PLAINTIFF'S COMPLAINT AND (2) DENY APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS. (ECF No. 8).

Plaintiff Akana's Objections to the Findings and Recommendation (ECF No. 9) are **OVERRULED.**

Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH LIMITED LEAVE TO AMEND** in conformity with the rulings in this Order and the Findings and Recommendation.

## STANDARD OF REVIEW

When a party objects to a Magistrate Judge's Findings and Recommendation, the District Court must review de novo the portions to which the Objections are made to the Findings and Recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Under the de novo standard, there is no deference to the Magistrate Judge's ruling and the District Court may freely

consider the matter anew as if no decision had been rendered below. Dawson v. Marshall, 561 F.3d 930, 933 (9th Cir. 2009).

The District Court may accept, reject, or modify, in whole or in part, the Findings and Recommendation made by the Magistrate Judge, or recommit the matter to the Magistrate Judge with further instructions. 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 673-74 (1980); Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

### I. Pro Se Pleadings

As an initial matter, the Court recognizes that Plaintiff is proceeding pro se and liberally construes her Complaint and Objections. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam).

The Court also recognizes that unless it is absolutely clear that no amendment can cure the defect, a pro se litigant is entitled to notice of the Complaint's deficiencies and an opportunity to amend prior to dismissal of the action. Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995). The Court may, however, deny leave to amend where further amendment would be futile. See, e.g., Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008).

## II. The Court Adopts The Magistrate Judge's Findings And Recommendation To Dismiss The Complaint

Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate Judge's Findings and Recommendation de novo.

### A. Plaintiff's Vague, Conclusory Allegations Are Insufficient to State a Claim

Plaintiff's Complaint attempts to allege various federal and state law claims against multiple State and local officials arising from Plaintiff's May 5, 2025 arrest and subsequent prosecution in Hawaii state court.

The Complaint is replete with conclusory, vague, and immaterial facts that are not connected to any particular cause of action. This sort of "shotgun pleading" fails to state a plausible claim for relief. Gibson v. City of Portland, 165 F.4th 1265, 1295 (9th Cir. 2026).

The Complaint appears to seek to assert constitutional violations pursuant to 42 U.S.C. § 1983 for unreasonable seizure, excessive force, and failure to intervene related to Plaintiff's May 5, 2025 arrest. It also seeks to bring state law claims for assault and battery and intentional infliction of emotional distress.

The Complaint contains no facts as to specific actions by specific Defendants. Rather, Plaintiff merely makes conclusory allegations against all Defendants without alleging who did what.

The Complaint does not provide sufficient allegations as to the actions of any specific individuals in order to plausibly state a claim upon which relief may be granted. Both the Court and the Defendants are left to speculate about the claims attempted to be pleaded by Plaintiff in the Complaint. Id.; see Starr v. Baca, 652 F.3d 1202, 1212 (9th Cir. 2011).

**B. Immunity Doctrines Bar Plaintiff's Ability to Bring Certain Claims Against State Actors, Prosecutors, And Judges**

As set forth in the Findings and Recommendation, the majority of Plaintiff's claims are also barred by various immunity doctrines.

Plaintiff's claims against Hawaii State agencies and their officials are barred by the Eleventh Amendment to the United States Constitution. Will v. Mich. Dep't. of State Police, 491 U.S. 58, 66 (1989); Aholelei v. Dep't of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

Plaintiff's Section 1983 claims against the prosecuting attorneys are barred by prosecutorial immunity. Kalina v. Fletcher, 522 U.S. 118, 124 (1997).

Plaintiff's Section 1983 claims against Judge Souza are barred by judicial immunity. In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002).

Plaintiff's Complaint to the extent it is seeking federal

court review of Hawaii state cases is barred pursuant to the Rooker-Feldman doctrine. See Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415 (1923).

The Court **ADOPTS** the MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO (1) DISMISS PLAINTIFF'S COMPLAINT AND (2) DENY APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS. (ECF No. 8).

Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH LIMITED LEAVE TO AMEND** in conformity with the rulings in this Order and the Findings and Recommendation.

## III. Plaintiff's Objections (ECF No. 9) are OVERRULED

### A. Plaintiff's Objections to the Screening of the Complaint Pursuant to 28 U.S.C. § 1915 are Overruled

Plaintiff's Objections generally argue that her Complaint should not be screened pursuant to 28 U.S.C. § 1915(a) and that she should be allowed to proceed without plausibly stating a claim for relief.

Plaintiff's Complaint is subject to a mandatory screening process pursuant to 28 U.S.C. § 1915 because she failed to pay the filing fee. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss sua sponte an in forma

pauperis complaint that fails to state a claim), overruled in part on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Plaintiff's Complaint is subject to Section 1915 screening and in order to proceed she must plausibly state a claim for which relief may be granted. Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012) (explaining that the standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim).

Plaintiff's Objections to Section 1915 screening are **OVERRULED.**

### B. Plaintiff's Objections Seeking Federal Court Review Of Hawaii State Cases Are Overruled

In the Objections, Plaintiff requests that this Court allow her to seek review of multiple Hawaii state court cases: "Criminal Case No. 1CPC-25-00000554; Criminal Case No. 1DCW-25-00001377, related writ proceedings in Hawaii Supreme Court; SCPW-26-0000115...." (Objections at p. 4, ECF No. 9).

Plaintiff's attempt to seek review of the Hawaii state proceedings in federal court is barred by the Rooker-Feldman

doctrine. Fontana Empire Ctr., LLC v. City of Fontana, 307 F.3d 987, 992 (9th Cir. 2002).

Plaintiff's Objections seeking federal court review of state court proceedings are **OVERRULED**.

### C. Plaintiff's Objections Seeking To Add Parties

Plaintiff's Complaint generally seeks relief related to her May 5, 2025 arrest and the subsequent Hawaii state criminal prosecution against her. Plaintiff's Objections seek to add additional parties pursuant to Federal Rules of Civil Procedure 20 and 21.

A plaintiff may not pursue a combination of unrelated claims or unrelated parties in a single suit. See Char v. Kaiser Hosp., 2019 WL 80890, at *3 (D. Haw. Jan. 2, 2019) ("Unrelated claims involving different defendants must be brought in separate actions."); Fed. R. Civ. P. 20(a)(2) (requiring joinder of parties to be based on claims that arise from the same transaction, occurrence, or series of transactions as the original claim).

Plaintiff's Objections request to add an additional Defendant, Karl Orlando Dicks, to the case. (Objections at p. 6, ECF No. 9). Plaintiff has provided no basis in her Objections to add Mr. Dicks as a Defendant. There is no information or allegations in the Objections that establish a basis to add Mr.

Dicks as a Defendant. See Fed. R. Civ. P. 20(a)(2); see Char, 2019 WL 80890, at *3 ("Unrelated claims involving different defendants must be brought in separate actions.")

Plaintiff's Objections request to add Joseph Akana as an additional Plaintiff to the case. (ECF No. 9 at pp. 6-7). Plaintiff is proceeding pro se. Plaintiff cannot represent another person pro se. District of Hawaii Local Rule 81.1(a); see Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (explaining that a pro se plaintiff is prohibited from pursuing claims on behalf of others). Joseph Akana cannot be added as a Plaintiff in this case.

Plaintiff's Objections seeking to add Karl Orlando Dicks as an additional defendant and Joseph Akana as an additional plaintiff are **OVERRULED**.

## IV. IFP Application

Plaintiff's First Application to Proceed In District Court Without Prepaying Fees or Costs ("IFP Application") (ECF No. 3) was denied because it was incomplete. (Magistrate Judge's June 3, 2026 Minute Order, ECF No. 5).

On June 16, 2026, a Second IFP Application was filed, but it was not completed by Plaintiff. (Second IFP Application, ECF No. 6). Rather, Plaintiff's husband inappropriately signed the Second IFP Application. (Id.)

The Magistrate Judge recommended denying the Second IFP Application because Plaintiff did not sign it and because the form indicates that Plaintiff's husband provides income to the household and that she does not qualify to proceed IFP. (F&R at pp. 23-24, ECF No. 8).

The Court **ADOPTS** the Magistrate Judge's Findings and Recommendation to Deny Plaintiff's Second IFP Application (ECF No. 8).

Joseph Akana is not permitted to file any documents in this case. Plaintiff is reminded that pro se litigants must follow any and all applicable Local Rules for the District of Hawaii and the Federal Rules of Civil Procedure. See Moore v. Tiki Ventures, Inc., 2025 WL 1830196, *5 (D. Haw. June 9, 2025). Further failure to comply with the Local Rules for the District of Hawaii may result in dismissal with prejudice. District of Hawaii Local Rule 81.1(a).

## CONCLUSION

The Court **ADOPTS** the MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO (1) DISMISS PLAINTIFF'S COMPLAINT AND (2) DENY APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS. (ECF No. 8).

Plaintiff Akana's Objections to the Findings And Recommendation (ECF No. 9) are **OVERRULED.**

Plaintiff's Complaint (ECF No. 1) is **DISMISSED.**

Plaintiff is **GRANTED LIMITED LEAVE TO AMEND** to file a First Amended Complaint in conformity with the rulings in this Order and in the Magistrate Judge's Findings and Recommendation (ECF No. 8). The First Amended Complaint must be filed on or before **Monday, November 2, 2026,** in conformity with the rulings in this Order and the Findings and Recommendation.

Plaintiff is also **GRANTED LEAVE** to file a Third Application to Proceed in District Court Without Prepaying Fees or Costs in conformity with the rulings in this Order and the Findings and Recommendation if Plaintiff chooses to file a First Amended Complaint.

Failure to file a First Amended Complaint and a properly completed Application to Proceed in District Court Without Prepaying Fees or Costs in full conformance with the applicable federal statutes, the Federal Rules of Civil Procedure, the District of Hawaii Local Rules, and the Orders of this Court on or before **Monday, November 2, 2026** will result in automatic dismissal of this action.

//

//

//

//

//

IT IS SO ORDERED.

DATED: September 29, 2026, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Keleionalani Akana v. State of Hawaii Attorney General Anne Lopez; City and County of Honolulu Mayor Rick Blangiardi; Honolulu Police Department Chief Joe Logan; Officer Daniel Brown, individually and in his official capacity; Officer Freya Gabor, individually and in his official capacity; Officer Ikaika Paaluhi, individually and in his official capacity; City and County of Honolulu Prosecuting Attorney Steve Alm; Deputy Prosecuting Attorney Scott Spalina; Deputy Prosecuting Attorney Cherise Braxton-Brooks; HPD Officers DOE 1-20; HPD Supervisors 1-10; Hawaii State Bar Association; Judge Kevin Souza, Civ. No. 26-00255 HG-KJM; **ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT AND DENY HER APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (ECF No. 8) and OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION (ECF No. 9)**